NARCISO FLORES, demandante y apelante, *v.* SUCESIÓN DESCONOCIDA DE JOSÉ FALCÓN SÁNCHEZ, demandada y apelada.

No. 3629.—*Visto:* Noviembre 4, 1925. *Resuelto:* Marzo 3, 1926.

1. LETRAS Y PAGARÉS (*Bills and Notes*)—ACCIONES—DE LA CONTESTACIÓN—SU JURAMENTO SI EL DOCUMENTO SE COPIA EN O ACOMPAÑA A LA DEMANDA—OMISIÓN DE JURARLA Y EFECTO.—El artículo 119 del Código de Enjuicia-

miento Civil se refiere a la autenticidad y otorgamiento en forma de documento pero no a algo posterior a su otorgamiento, como son los endosos a un pagaré.

2. Sentencia—Casos Contenciosos—Congruencia con las Diligencias (*Process*), Alegaciones, Pruebas y Veredictos y Conclusiones.—En este caso se demandó a una sucesión desconocida, compareció la esposa e hijos del segundo matrimonio y del juicio resultó que vivían otros hijos del primer matrimonio. *Se resolvió:* que no procedía dictar sentencia contra éstos cuando no consta que se anotara su rebeldía ni se solicitara sentencia contra ellos.

3. Letras y Pagarés (*Bills and Notes*)—Acciones—De las Presunciones—Traspasos de la Obligación—Presunción Respecto a los Endosos—Endoso sin Consideración.—No se infringen las presunciones establecidas en los incisos 19 al 22, ambos inclusives, del artículo 102 de la Ley de Evidencia al estimar una corte que un primer endoso de un pagaré no tuvo consideración por aparecer de él que se hizo por valor entendido.

Sentencia de *Pablo Berga,* J. (Humacao), declarando sin lugar la demanda sobre cobro de dinero, sin costas. *Confirmada.*

*Antonio L. López,* abogado del apelante; *Vicente Rodríguez Ortiz,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Casto García suscribió y reconoció ante un notario un pagaré por $500 a la orden de José Falcón Sánchez con vencimiento el 30 de junio de 1921, cuyo documento contiene los endosos siguientes: "Páguese a la orden de Felipe Flores Alvarez, valor entendido—con mis responsabilidades.—Caguas, Septiembre 23, 1920.—José Falcón Sánchez." "Páguese a Narciso Flores, valor de dicha cantidad.—Felipe Flores."

En 1924 Narciso Flores demandó a la sucesión desconocida de José Falcón Sánchez para que le pagase esos $500, sus intereses legales desde el primero de julio de 1921 y las costas, alegando que José Falcón Sánchez murió en 1923 y que ni él ni persona alguna le ha pagado la expresada cantidad y que es el único dueño y poseedor de la mencionada obligación, la que insertó en su demanda y con ella la acompañó original.

Ignacia Flores compareció en el pleito como viuda de José Falcón Sánchez y por sí y por cinco hijos suyos contestó la demanda aceptando los hechos en que se inserta la

obligación suscrita por Casto García y su reconocimiento ante notario pero negó que el endoso hecho por José Falcón Sánchez traspasara la propiedad de la obligación a Felipe Flores y que después fuera debidamente endosada a favor de Narciso Flores, así como que éste sea el único dueño y poseedor del pagaré.

Dictada sentencia declarando sin lugar la demanda fué interpuesta esta apelación cuyo primer motivo es por no haber eliminado la corte inferior la contestación a la demanda.

[1] Al comenzar el juicio en este caso el demandante solicitó esa eliminación fundándose en que insertada en la demanda la obligación cuyo pago se reclama, la autenticidad de su otorgamiento debe darse por admitida de acuerdo con el artículo 119 del Código de Enjuiciamiento Civil por no estar jurada la contestación. La corte inferior dictó sentencia sin resolver esa cuestión pero esa eliminación no era procedente porque aunque la contestación aceptó expresamente el otorgamiento del documento fué negado que sus endosos trasmitieran su propiedad, negativa que no tenía que ser jurada porque el citado artículo se refiere a la autenticidad y otorgamiento en forma del documento pero no a algo posterior a su otorgamiento, como son los endosos.

[2] El segundo motivo de error es por no haber dictado la corte inferior sentencia contra personas que no son los apelados.

Resultó en el juicio que había otros hijos de José Falcón que no comparecieron en el pleito pero no consta de estos autos que se anotara su rebeldía ni que se solicitara sentencia contra ellos por lo que no existe el error alegado.

[3] En el último motivo del recurso se alegan infracciones de los párrafos 19, 20, 21 y 22 del artículo 102 de la Ley de Evidencia. En esos párrafos se establecen las presunciones siguientes: Que las transacciones privadas fueron realizadas con rectitud y en debida forma: que se ha seguido el curso ordinario de los negocios: que un pagaré o

letra de cambio fué dado o endosado mediante suficiente compensación: y que el endoso de un pagaré o giro negociable, se hizo en la fecha y lugar en que fué extendido dicho pagaré o giro; pero todas esas presunciones son *juris tantum* y por consiguiente pueden ser controvertidas, por lo que la corte inferior no infringió esas presunciones al estimar que el primer endoso no tuvo consideración por aparecer de él que se hizo por valor entendido, cuestión ésta que no se alega como error.

Resueltos en sentido contrario al apelante los motivos que ha expuesto para la revocación de la sentencia, *ésta debe ser confirmada.*